GAAL, APPELLEE, *v.*
MOSHER, APPELLANT, ET AL.

(No. 47478—Decided May 28, 1984.)

*Mr. William L. Murphy,* for appellee.

*Mr. Scott H. Ruport,* for appellant.

CORRIGAN, J. On August 14, 1974, Frank G. Gaal, the appellee herein, lent $15,000 to appellant, Robert C. Mosher. To evidence this loan, the parties executed a cognovit note in the amount of $16,500. This transaction occurred in Portage County, Ohio, and the appellant is a resident of Portage County. The appellant contends that no due date or interest rate was specified on the note. However, on the copy of the note before this court, a due date of October 15, 1974 appears on the upper left-hand corner. While no interest rate is specified during the period before maturity, the note does state that it will bear interest at the rate of eight percent per annum after maturity.

In December 1982, the appellee filed a confession of judgment in the Common Pleas Court of Cuyahoga County, and judgment was rendered against the appellant on the note in the amount of $30,535. On January 19, 1983, the ap-

pellant filed a motion to vacate the judgment. In August 1983, the trial court denied the appellant's motion to vacate. The appellant is now before this court assigning the following two errors:

"I. The trial court abused its discretion in denying appellant's motion to vacate judgment on a cognovit note on the grounds that the court lacked subject matter jurisdiction under the express provisions of R.C. 2323.13(A).

"II. The trial court erred in denying appellant's motion to vacate judgment pursuant to Civil Rule 60(B) where an affidavit in support was filed and constituted a valid defense to appellee's claim."

I

The initial issue for our consideration is whether the Common Pleas Court of Cuyahoga County lacked jurisdiction to enter judgment in favor of the appellee on the cognovit note. R.C. 2323.13(A) reads:

"An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk."

The appellant argues that this statute requires that a party seeking a judgment on a cognovit note must do so in a court having proper jurisdiction. The gist of the appellant's argument is that the common pleas court in Portage County, not Cuyahoga County, is the only one which has the jurisdiction to enter judgment on the note. The appellee asserts that R.C. 2323.13(A) has been superseded by Civ. R. 3(B). It is the appellee's contention that the issue here is one of venue, not jurisdiction. Civ. R. 3(B) states:

"Venue: where proper. Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts 'county' as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

"(1) The county in which the defendant resides;

"(2) The county in which the defendant has his principal place of business;

"(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

"(4) A county in which a public officer maintains his principal office if suit is brought against him in his official capacity;

"(5) A county in which the property, or any part thereof, is situated if the subject of the action is real property or tangible personal property;

"(6) The county in which all or part of the claim for relief arose; or, if the claim for relief arose upon a river, or other watercourse, or a road, which is the boundary of the state, or of two or more counties, in any county bordering on such river, watercourse, or road, and opposite to the place where the claim for relief arose;

"(7) In actions described in Rule 4.3 (out-of-state service) in the county where plaintiff resides;

"(8) In an action against an executor, administrator, guardian, or

trustee, in the county in which he was appointed;

"(9) In actions for divorce, annulment or for alimony in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;

"(10) If there is no available forum in subsections (1) through (9) of this subdivision, in the county in which plaintiff resides; has his principal place of business or regularly and systematically conducts business activity;

"(11) If there is no available forum in subsections (1) through (10) of this subdivision:

"(a) In a county in which defendant has property or debts owing to him subject to attachment or garnishment;

"(b) In a county in which defendant has appointed an agent to receive service of process or wherein such agent has been appointed by operation of law."

Under Civ. R. 12(H), the defense of improper venue is waived if not raised in the pleadings. However, in an action on a cognovit note, the party opposing judgment never has the opportunity to file responsive pleadings. Thus, the defense of improper venue will be waived in all such situations. Judge McCormac has analyzed this problem and reasoned as follows:

"Cognovit judgments are required by statute to be taken in the county where the maker, or any one of several makers, resides or signed the warrant of attorney. Does this provision relate to the power of the court to hear such an action or is it a venue provision that is superseded by Civil Rule 3(B)? If it is a venue provision only, it would be of no effect either before or after the adoption of the Civil Rules because venue is waived if not properly asserted. Since there is no opportunity to present a defense in an action involving a cognovit note, venue would always be waived. It logically follows that the statute relates

to jurisdiction and that cognovit judgments are authorized only in the county where a maker resides or signed the warrant of attorney and such judgments are void and of no effect elsewhere. It is concluded, therefore, that the venue provisions of Civil Rule 3(B) do not affect the forum where a cognovit judgment is authorized." McCormac, Ohio Civil Rules Practice (1970) 20, Section 2.17.

Other commentators are in agreement with Judge McCormac:

"The statutory provision [R.C. 2323.13(A)] appears to be in conflict with the Civil Rules venue provision. Resolution depends upon whether or not the statutory provision falls within the applicability exception of the Civil Rules. The Civil Rules apply unless clear inapplicability exists. Clear inapplicability exists when there is some unique purpose to be served by the conflicting statutory provision. In all probability, the special venue provision would be held to have unique value and, thus, not be superseded by Civ. R. 3(B). The current disfavor with which the cognovit judgment is viewed reinforces the conclusion. In any event, the traditional power to confess judgment in any court anywhere has been eliminated." 5 Beirne, Wilson & Young, Anderson's Ohio Civil Practice (1981) 216, Section 176.05.

We also adhere to the finding that R.C. 2323.13(A) has not been superseded by Civ. R. 3(B). The appellee would have this court look to the venue requirement in divorce actions for guidance in deciding this issue. In *Fuller v. Fuller* (1972), 32 Ohio App. 2d 303 [61 O.O.2d 400], it was held that the venue provisions of R.C. 3105.03 were superseded by Civ. R. 3(B). However, Civ. R. 75(A) expressly states that the Civil Rules shall apply in *divorce* actions. Thus, the appellee's reliance on the venue rule in divorce actions is irrele-

vant in the instant situation, where no such rule exists.

Therefore, we find that R.C. 2323.13(A) has not been superseded by Civ. R. 3(B). The instant case deals with jurisdiction, not with venue. The trial court was without jurisdiction to enter judgment on the cognovit note in favor of the appellee as the requirements of R.C. 2323.13(A) were not met. A Cuyahoga County court does not have jurisdiction to enter judgment on a cognovit note when the maker of the note resides in Portage County, and the warrant of attorney was signed in Portage County. This assignment of error is well-taken.

## II

The appellant's second assignment of error is rendered moot by our disposition of the first assignment of error. Because the trial court was without jurisdiction to enter judgment on the note, the appellant's motion to vacate should have been granted. It is therefore unnecessary for us to address the issue of whether the appellant presented a valid defense to the appellee's claim.

Accordingly, the judgment of the trial court is reversed.

*Judgment reversed.*

PARRINO, J., concurs.

DAY, C.J., concurs in judgment only.