[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal of a Marion County Common Pleas Court judgment awarding $55,123.75 on an Unconditional Guaranty of Payment and Performance complaint. For the following reasons, we affirm that decision.
Between January 1995, and March 1995, Marion Steel Company ("appellee") sold approximately $383,872.10 worth of steel products to J-Pitt Steel Company. J-Pitt Steel Company failed to timely pay appellee for the products. Therefore, appellee filed a complaint against the Pennsylvania company on July 6, 1995.
J-Pitt Steel Company then sent appellee a Cognovit Note. Additionally, Moltrup Steel Products Company ("appellant"), a related Pennsylvania company, contacted appellee. Appellant sent appellee an Unconditional Guaranty of Payment and a Warranty of Attorney. Therefore, appellee dismissed its suit against J-Pitt Steel Company.
However, J-Pitt Steel Company defaulted on its Cognovit Note obligations and subsequently filed for bankruptcy. So, on December 31, 1997, appellee filed a complaint seeking judgment on appellant's Unconditional Guaranty of Payment in the Marion County Common Pleas Court.
On January 5, 1998, the trial court entered judgment against appellant. Pursuant to that finding, the court awarded appellee $55,123.75.
Appellant filed a Motion for Relief from Judgment on January 22, 1998. In that motion, appellant alleged that it had not signed the Warrant of Attorney in Marion County, Ohio and therefore, the trial court lacked jurisdiction to hear the case. Additionally, appellant claimed that appellee had failed to set forth appellant's last known address in the complaint.
The Marion County Common Pleas Court denied appellant's Motion for Relief from Judgment on January 29, 1998. It is from that judgment that appellant is appealing the following two assignments of error.
 ASSIGNMENT OF ERROR NO. 1 The trial court lacked subject matter jurisdiction to render any judgment on the Cognovit Note.
In its first assignment of error, appellant claims that under R.C. 2323.13(A), the trial court lacked jurisdiction to hear the case. Therefore, it asks us to reverse that judgment.
R.C. 2323.13(A) provides, in pertinent part, that:
 (A) * * * Notwithstanding any agreement to the contrary, if the maker * * * resides within the territorial jurisdiction of a municipal court * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker * * * resides or signed the warrant of attorney * * *
Appellant argues that the maker of the cognovit note here neither resides in Marion County nor signed the document in that county. On the contrary, appellant maintains that its maker both resides, and signed the document, in Pennsylvania. Therefore, appellant claims that the trial court lacked jurisdiction to render judgment in this case. See Gaal v. Mosher (1984), 16 Ohio App.3d 229,231 citing McCormac, Ohio Civil Rules Practice (1970) 20, Section 2.17 (holding that "cognovit judgments are authorized only in the county where a maker resides or signed the warrant of attorney").
However, we have reviewed the document in question and find that it states in relevant part:
 Section 13. Governing Law; Severability. This Guaranty has been executed and delivered at Marion, Ohio and shall be construed in accordance with and governed by the laws of the State of Ohio.
According to Black's Law Dictionary (6 Ed. 1990) 567, "execute" is defined as "[c]ompleted; carried into full effect; already done or performed; signed; * * *" (emphasis added). In signing a document containing the above language, appellant inferred that it was signed in Marion County. Therefore, we hold that appellant is estopped from denying jurisdiction on the grounds that the document was signed elsewhere.
The document in question indicates that it was signed in Marion County, Ohio. Appellee brought its claim in a Marion County court. Accordingly, we find that all requirements of R.C.2323.13 have been met and the trial court had proper jurisdiction over the case.
Therefore, we overrule appellant's assignment of error and affirm the trial court judgment.
 ASSIGNMENT OF ERROR NO. 2 The complaint did not comply with requirements set out in the statute. 2323.13(B).
In its second assignment of error, appellant argues that appellee's complaint failed to include a statement setting forth appellant's last known address. Therefore, the complaint did not comply with R.C. 2323.13(B).
R.C. 2323.13(B) states:
 (B) The attorney who represents the judgment creditor shall include in the petition a statement setting forth to the best of his knowledge the last known address of the defendant.
However, due process rights to notice and hearing prior to a civil judgment are subject to waiver. D. H. Overmyer Co. v. Frick
(1972), 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124. By a warrant of attorney to confess judgment, a party waives the right to notice and a hearing before judgment can be entered. Mellow Gold,Inc. v. Reda Sexton (December 1, 1981), Franklin App. No. 81AP-362, unreported.
Moreover, the purpose of R.C. 2323.13(B) is to provide a defendant's last known address so that the defendant can be notified after judgment has been rendered. See Andrews v.Diefenbach (1963), 175 Ohio St. 120; R.C. 2323.13(C). The record indicates that appellee included appellant's last known address in the caption of the complaint. Additionally, appellant received timely notice of the judgment entry. Therefore, we conclude that since appellant received proper notice of the judgment entry, appellee substantially complied with the notice requirements of R.C. 2323.13. See Andrews, supra, (holding that the determining factor is whether the purposes of the notice statute have been satisfied).
Additionally, we find that appellant, by receiving proper notice of the judgment, was not prejudiced by appellee's failure to include appellant's last known address within the complaint itself. Therefore, any error by the appellee's failure to include appellant's last known address in the text of the complaint was harmless in this case.
Accordingly, we overrule appellant's second assignment of error.
For the aforementioned reasons, we affirm the Marion County Common Pleas Court judgment awarding appellee $55,123.75.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.