JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel.
On January 25, 1999, plaintiff-appellee Buckeye State Networks Limited ("Buckeye") filed a complaint in the Court of Common Pleas of Cuyahoga County against defendant-appellant R.W. Hannah Associates, Inc., ("Hannah"). Buckeye alleged Hannah defaulted on two cognovit notes, one signed on September 23, 1998, for $45,000 and a second one signed on September 30, 1998, for $55,000. Buckeye complained Hannah defaulted on the terms and conditions of the two notes as of January 8, 1999. As a result, Buckeye maintained Hannah was in arrears for $102,967.34, which sum consists of $100,000 in principal and $2,967.34 in interest. That same day the trial court issued a judgment entry granting judgment in favor of Buckeye for the amount owed, $102,967.34.
Also on January 25, 1999, Hannah filed a complaint in the Franklin County Court of Common Pleas against Buckeye seeking a declaratory judgment as to its liability on the cognovit notes and seeking damages for fraud and contractual interference.
A month later, on February 16, 1999, Hannah filed: (1) a motion for relief from judgment, (2) a motion for leave to file an answer and counterclaim instanter, and (3) a motion to stay all proceedings. In total, Hannah asked the trial court to vacate its January 25, 1999 order and dismiss Buckeye's complaint. Hannah argued the cognovit notes were void and unenforceable due to fraudulent inducement, the trial court lacked jurisdiction, and the parties were in pari delicto.
The trial court denied Hannah's motion to stay all proceedings. Buckeye then filed a memorandum and supplemental memorandum opposing Hannah's motion for relief from judgment. On March 9, 1999, the trial court denied Hannah's motion for relief from judgment.
Hannah timely filed its notice of appeal and now presents two assignments of error. In its first assignment of error Hannah argues:
 THE COURT SHOULD VACATE THE JUDGMENT OF THE LOWER COURT AND DISMISS THIS ACTION DUE TO THE CUYAHOGA COUNTY COURT OF COMMON PLEAS LACK OF SUBJECT MATTER JURISDICTION.
Hannah argues the Court of Common Pleas of Cuyahoga County lacked jurisdiction to enter a judgment on the cognovit notes. Hannah claims R.C. 2323.13 (A) mandates that judgment can only be confessed on a cognovit note in a county where the maker resides or a county where the warrant of attorney is signed. Thus, since the warrant of attorney was signed in Franklin County, the Court of Common Pleas of Cuyahoga County lacked jurisdiction to render judgment.
R.C. 2323.13 (A) provides, in pertinent part, that:
 (A) * * * Notwithstanding any agreement to the contrary, if the maker * * * resides within the territorial jurisdiction of a municipal court * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker * * * resides or signed the warrant of attorney * * * (emphasis added).
This section mandates a warrant of attorney confessing judgment shall be filed in the county where the maker, or any of the makers, resides or signed the warrant of attorney.
Applying R.C. 2323.13 (A) to the present case, we find the Court of Common Pleas of Cuyahoga County lacked jurisdiction to render judgment in the instant case. The cognovit notes were signed in Franklin County, thus jurisdiction lies in Franklin County. See, also Gaal v. Mosher (1984), 16 Ohio App.3d 229.
In contravention of this statutory interpretation, Buckeye argues the forum selection clauses contained in the cognovit notes permits it to file the confessions of judgment in any jurisdiction in the state of Ohio. The forum selection clause states as follows:
 VI. The undersigned authorizes any attorney-at-law to appear in any Court of Record in the State of Ohio or in any other state or territory of the United States after the above indebtedness becomes due, whether by acceleration or otherwise, to waive the issuing and service of process, and to confess judgment against the undersigned in favor of the Payee for the amount then appearing due together with costs of suit, and thereupon to waive all error and all rights of appeal and stays of execution.
However, Buckeye's argument fails in light of the second sentence of R.C. 2323.13 (A) which states "[n]otwithstanding any agreement to the contrary, * * *". This wording precludes any agreement from interfering with the jurisdictional requirements of R.C. 2323.13 (A). Thus, the forum selection clauses contained in the cognovit notes are inapplicable and Buckeye's argument fails.
Accordingly, the trial court lacked jurisdiction to render judgment in the instant case and erred in denying Hannah's motion for relief from judgment. As a result, Hannah's first assignment of error is sustained and we reverse the trial court's order denying Hannah's motion for relief from judgment.
The disposition of the first assignment of error renders Hannah's second assignment of error moot. App. R. 12 (A) (1) (c). Therefore, we will not address Hannah's second assignment of error.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. P.J. DIANE KARPINSKI, J., CONCUR.
 ________________________________ JOHN T. PATTON JUDGE