OPINION
Defendant-appellant Delicom Sweet Goods, Inc. appeals from the February 11, 1999, Judgment Entry of the Fairfield County Court of Common Pleas.
STATEMENT OF THE FACTS AND CASE, Appellant Delicom Sweet Goods, Inc. is a corporation located in Perry County, Ohio. In late July of 1997, appellee Robert E. Sparks loaned appellant the sum of $49,000.00. On October 14, 1998, John C. Sanford, who was then appellant's President and principal shareholder, executed a cognovit promissory note on behalf of appellant in order to secure repayment of the $49,000.00 to appellee. The cognovit promissory note, which was signed by John E. Sanford in Franklin County, Ohio, contained a warrant of attorney to confess judgment. The note also stated, in part, as follows: "This Note was executed in Ohio, and shall be governed by and construed in accordance with the laws of the State of Ohio in all respects. The Maker(s) consents to jurisdiction in the courts of Ohio for any action to enforce this note."
In addition, the note contained a provision authorizing an attorney to appear in "any court of record in the State of Ohio or elsewhere" to confess judgment. After appellant defaulted under the terms of the cognovit promissory note, appellee on January 4, 1999, filed a complaint on the cognovit note against appellant in the Fairfield County Court of Common Pleas. By virtue of the warrant of attorney contained in the cognovit note, an answer confessing judgment in favor of appellee and against appellant in the amount of $48,474.62 plus interest was filed by an attorney-at-law the same day. Pursuant to a Judgment Entry filed on January 6, 1999, the trial court granted judgment in favor of appellee and against appellant in the amount of $48,474.62 plus interest. The trial court specifically found in its entry that appellant "conducts business within the territorial jurisdiction of this court, and signed said note and said warrant and that there appears on said note in the appropriate location and in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document the warning required under Ohio Revised Code 2323.13 (D). " A Certificate of Judgment against appellant was filed on January 7, 1999. An Order of Garnishment was issued to Star Bank on January 20, 1999. Appellant, on February 4, 1999, filed a motion requesting that the January 6, 1999, Judgment Entry, the January 20, 1999, Order of Garnishment, and the Certificate of Judgment issued in the case sub judice be set aside. Appellant specifically argued that the court lacked subject matter jurisdiction and that, therefore, judgment on the cognovit note was improperly granted. A memorandum in opposition to appellant's motion was filed by appellee on February 4, 1999. The trial court, pursuant to a Judgment Entry filed on February 11, 1999, overruled appellant's motion to vacate judgment and ordered that the Judgment Entry filed on January 6, 1999 "shall stand in full effect." It is from the February 11, 1999, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 ASSIGNMENT OF ERROR THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION REQUIRED TO GRANT JUDGMENT ON A COGNOVIT NOTE.
Appellant, in its sole assignment of error, maintains that the trial court lacked subject matter jurisdiction to enter judgment against appellant and in favor of appellee on the cognovit note. According to appellant, pursuant to R.C. 2323.12, the only courts which would have subject matter jurisdiction over the confession of judgment in this matter are those located in either Perry County, the the county in which appellant resides, or Franklin County, the county in which the cognovit note was executed. "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio". Patton v. Diemer (1988). 35 Ohio St.3d 68, paragraph three of the syllabus. "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts. Id. at paragraph 4 of the syllabus. Appellant, therefore, does not need to comply with the requirements for relief from judgment set forth in Civ.R. 60(B). See Folk v. Wachs (1996), 116 Ohio App.3d 716. As is stated above, appellant specifically maintains that the trial court lacked subject matter jurisdiction required to grant judgment on the cognovit note. R.C. 2323.13 outlines the procedure for confession of judgments. Such section provides, in relevant part, as follows: "(A) An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court established under section 1901.01 of the Revised Code, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney. The original or a copy of the warrant shall be filed with the clerk." (Emphasis added.)
Thus, pursuant to the above statute, in order for a trial court to be vested with jurisdiction to enter judgment on a cognovit note, the confession of judgment must be made within the jurisdiction of a court in which either any one of the makers resides or where the warrant of attorney was signed. See Gaal v. Mosher (1984),16 Ohio App.3d 229. The court in Gaal held that a Cuyahoga County court lacked subject matter jurisdiction to enter judgment on a cognovit note when the maker of the note resided in Portage County and the warrant of attorney was signed in Portage County. See also Marion Steel Company v. Moltrop Steel Products Co. (May 21, 1998), Marion App. No. 9-98-3, unreported. Appellant distinguishes Gaal, supra from the case sub judice by emphasizing that appellant in the case sub judice "specifically contracted to subject itself to the territorial jurisdiction of the Fairfield County Court of Common Pleas. " The cognovit promissory note signed by John C. Sanford on October 14, 1998, provides in part, as follows: "This note was executed in Ohio, and shall be governed by and controlled in accordance with the laws of the State of Ohio in all respects. The Maker (s) consents to jurisdiction in the courts of Ohio for any action to enforce this note."
The note further provides that the maker authorizes "any attorney at law to appear in any court of record in the State of Ohio or elsewhere,. . . .and confess judgment against the maker in favor of the payee, . . ." [Emphasis added]. Based on such language, appellee asserts that appellant had waived any right to require compliance with R.C. 2323.13 (A). However, a "warrant of attorney to confess judgment is to be strictly construed against the person in whose favor the judgment is given; . . . [and] the proceeding on a warrant of attorney to confess judgment should conform in every essential detail with the statutory law which governs such a proceeding." Lathrum v. Foreman (1978), 168 Ohio St. 186, 188. R.C. 2323.13(A) should be strictly construed against creditors such as appellee since, by their very nature, a confession of a judgment involves a quick forfeiture without procedural safeguards such as notice and an opportunity for a hearing. R.C. 2323.13 (A), the relevant statute in this case, expressly provides that "[n]otwithstanding any agreement to the contrary, if the maker or any one of several makers resides within the territorial jurisdiction of a municipal court, . . . or signed the warrant of attorney authorizing the confession of judgment in such territory, judgment on such warrant of attorney . . . may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney". [Emphasis added]. Clearly, in order to conform in every essential detail with R.C. 2323.13 (A), the language contained in the subject cognovit note authorizing an attorney at law to appear in any court to confess judgment must be disregarded. Based on the foregoing, we find that the trial court lacked jurisdiction to enter judgment on the cognovit note under Gaal, supra, the only courts that would have jurisdiction of judgment in this matter are those located in Perry County, where appellant resides, and Franklin County, where the cognovit note was executed. The trial court, therefore, erred in failing to grant appellant's Motion to Vacate. Appellant's sole assignment of error is sustained.
The judgment of the Fairfield County Court of Common Pleas is reversed and vacated.
By Edwards, J. Wise, P.J. and Farmer, J. concurs.