This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Caprice Homes, Inc., Kenneth D. Thornburg, and Molly C. Thornburg, appeal the judgment of the Summit County Court of Common Pleas denying their motion to vacate a void judgment rendered without subject matter jurisdiction or, alternatively, to vacate the judgment pursuant to Civ.R. 60(B). We reverse and remand.
On September 20, 2000, Appellee, Brown-Graves Co., filed a complaint to enforce a cognovit note. An answer confessing judgment was filed on behalf of Appellants through a warrant of attorney. Thereafter, on September 25, 2000, the trial court entered its judgment in favor of Appellee. In response to the trial court's entry, Appellants, on March 21, 2001, moved to vacate a void judgment rendered without subject matter jurisdiction or, in the alternative, to vacate the judgment pursuant to Civ.R. 60(B). The trial court denied Appellants' motion. Appellants timely appealed raising three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred when it denied the motion to vacate of [Appellants] where the trial court lacked jurisdiction to render a cognovit judgment because the cognovit note was executed in Medina County by makers residing in Medina County and [R.C.] 2313.13(A) [sic.] mandates that a judgment can be confessed on a cognovit note only in a county where the maker resides or in a county where the warrant of attorney is signed.
In the first assignment of error, Appellants aver, pursuant to R.C.2323.13(A), that the trial court lacked jurisdiction to enter judgment on the cognovit note and, consequently, erred in denying the motion to vacate the judgment. We disagree.
R.C. 2323.13(A) provides in relevant part:
 Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney.
Appellants contend that the makers of the cognovit note, Kenneth and Molly Thornburg, neither reside in Summit County nor executed the warrant of attorney in that county. Rather, Appellants maintain that the makers reside and executed the note in Medina County. As such, Appellants claim that the Summit County Court of Common Pleas lacked jurisdiction in this case. See Gaal v. Mosher (1984), 16 Ohio App.3d 229, 231.
The record indicates that the relevant cognovit note was executed on January 21, 1993, in Appellee's office, which was located in Akron, Ohio.[1] Furthermore, the note contained the notation "Akron, Ohio." Upon a careful review of the record, we find that the Summit County Court of Common Pleas had jurisdiction to adjudicate this case. Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred when it denied the motion to vacate of [Appellants] where the trial court lacked jurisdiction to render a cognovit judgment because the cognovit note was given in connection with a consumer loan or transaction pursuant to [R.C.] 2323.13(E).
In the second assignment of error, Appellants assert, based upon R.C.2323.13(E), that the trial court lacked jurisdiction to deny the motion to vacate since the cognovit note related to a consumer loan or transaction. Appellants' assertion is not well taken.
R.C. 2323.13(E) states in pertinent part:
 A warrant of attorney to confess judgment * * *, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant.
A "consumer loan" is defined as "a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose." R.C. 2323.13(E)(1). A "consumer transaction" includes "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, to an individual for purposes that are primarily personal, family, educational, or household." R.C. 2323.13(E)(2).
Appellants claim that the cognovit note was in connection with personal, family, or household purposes. However, the record reveals that the cognovit noted was signed by Kenneth Thornburg as president of Caprice-Homes, Inc., and Kenneth and Molly Thornburg, in their individual capacities. Furthermore, Walt Minick, Appellee's vice-president of credit, stated Caprice-Homes, Inc. failed to pay Appellee its outstanding debt; therefore, Appellee sent the cognovit note to secure this debt.
The only evidence Appellants submitted to support the claim that the note was for personal, family, or household purposes was the self-serving affidavits of Kenneth Thornburg and Molly Thornburg. These affidavits were not supported by any proof. We note that something more than the party's self-serving affidavit is required to support a claim because the trier of fact is always in a position to disbelieve the party's self-serving testimony. See Gillin v. Indiana Ins. Co. (Oct. 30, 1998), Montgomery App. No. 17108, unreported, 1998 Ohio App. LEXIS 5039, at *12 (Fain, J., concurring). See, also, State v. Hansbro (Dec. 29, 2000), Clark App. No. 2000-CA-27, unreported, 2000 Ohio App. LEXIS 6179, at *5 (concluding that trial court was not required to hold a hearing because defendant's motion to vacate plea was belied by the record and only supported by a self-serving affidavit). Consequently, Appellants have not sufficiently demonstrated that the cognovit note was for personal, family, or household purposes; therefore, we cannot say that the cognovit note related to a consumer loan or transaction. Accordingly, we find that the Summit County Court of Common Pleas had subject matter jurisdiction. Appellants' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court abused its discretion when it denied the motion to vacate of [Appellants] where reasonable minds could reach different conclusions regarding the documentary evidence proffered below.
In the third assignment of error, Appellants contend that the trial court abused its discretion by denying the motion to vacate because reasonable minds could reach different conclusions concerning the proffered evidence. Appellants' contention is well taken.
"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Generally, if any of these three requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20. Where the relief from judgment sought is on a cognovit note, "[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application." Meyers v. McGuire
(1992), 80 Ohio App.3d 644, 646.
An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion to vacate under an abuse of discretion standard. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the present case, to substantiate the Civ.R. 60(B) motion, Appellants presented the following meritorious defenses: (1) the cognovit judgment was void; and (2) the cognovit note was a zero interest note; thus, no basis existed to impose the eighteen percent interest. Based upon our disposition in assignments of error one and two, we will solely address Appellants' second alleged meritorious defense.
After a review of the cognovit note at issue, we conclude that the note is ambiguous as to when the interest rate, if any, will be imposed upon the holder of the note. Accordingly, the trial court did abuse its discretion in denying Appellants' Civ.R. 60(B) motion. Appellants' third assignment of error is sustained.
Although the cognovit note was ambiguous with respect to the imposition of an interest rate, we find that the trial court had jurisdiction to adjudicate the case. Therefore, Appellants' assignments of error one and two are overruled and assignment of error three is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.
[1] The evidence reflects that the makers executed a cognovit note on December 10, 1992. It appears that this note may have been executed in Medina County; however, this note is not at issue in the present case since it was voided and replaced with the note executed on January 21, 1993.