This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Willie Trowsdell, Jr., and Brownsdell Properties, Ltd., appeal the judgment of the Summit County Court of Common Pleas, denying their motion to vacate the judgment. We reverse.
On December 20, 1999, appellee, Sunset Land Partnership, Ltd., filed a complaint to enforce a cognovit note. An answer confessing judgment was filed on behalf of the appellants and Anthony Brown, who is not a party to this appeal, through a warrant of attorney. Thereafter, on January 7, 2000, the trial court entered its judgment in favor of appellee.
In response to the trial court's entry, appellants moved to vacate the judgment pursuant to Civ.R. 60(B) and asserted that the judgment was void for lack of subject matter jurisdiction. Thereafter, on November 30, 2001, the trial court adopted the decision of the magistrate and denied appellants' motion. This appeal followed.
Appellants assert one assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT UPON CONFESSION PURSUANT TO A WARRANT OF ATTORNEY[.]"
In their assignment of error, appellants assert, inter alia, that the trial court was without jurisdiction to enter judgment on the cognovit note and, therefore, erred in denying the motion to vacate the judgment. We agree.
Pursuant to R.C. 2323.13(A):
 "Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction of a municipal court * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney."
Consequently, pursuant to R.C. 2323.13(A), for a trial court to have subject matter jurisdiction to enter judgment on a cognovit note, "the confession of judgment must be made within the jurisdiction of a court in which either any one of the makers resides or where the warrant of attorney was signed." Sparks v. Delicom Sweet Goods, Inc. (Dec. 20, 1999), 5th Dist. No. 99-CA-11, citing to Gaal v. Mosher (1984),16 Ohio App.3d 229. A judgment issued by a court without subject matter jurisdiction is void ab initio. Sparks, supra, citing to Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." Patton, 35 Ohio St.3d at paragraph four of the syllabus.
"[A] `warrant of attorney to confess judgment is to be strictly construed against the person in whose favor the judgment is given; [and] the proceeding on a warrant of attorney to confess judgment should conform in every essential detail with the statutory law which governs such a proceeding.'" (Alterations original) Sparks, supra, quotingLathrem v. Foreman (1978), 168 Ohio St. 186, 188. Strictly construing the warrant of judgment is required, as a confession of judgment is a quick process involving a forfeiture without the procedural safeguards provided by notice or an opportunity for a hearing. Sparks, supra.
In the present case, appellants assert that, pursuant to R.C. 2323.13(A), the trial court lacked jurisdiction to enter judgment on the cognovit note. In support of this assertion, they point to the fact that none of the makers of the cognovit note reside in Summit County. Further, they assert that none of the makers executed the warrant of attorney in Summit County. In response, appellee does not assert that the warrant of attorney was signed in Summit County but, rather, contends that there is not sufficient evidence that the warrant of attorney was signed outside Summit County. Alternatively, appellee also points to language in the note that, it asserts, demonstrates that the appellants consented to jurisdiction in any court of record in Ohio.
First, we note that it is not disputed that none of the makers resides in Summit County. Further, there is sufficient evidence to demonstrate that none of the makers executed the warrant of attorney in Summit County. In filing their motion to vacate the judgment, appellants asserted that they signed the note, an addendum to the note, and the warrant of attorney in Cuyahoga County. In the hearing on the motion to vacate, held on July 11, 2001, appellants again testified that the warrant of attorney was signed in Cuyahoga County. Appellee did not then, as it does not now, assert that the documents were not signed in Cuyahoga County; rather, appellee merely discussed the irrelevant fact that Sunset Land Partnership, Ltd. was located in Summit County.
With regard to the motion to vacate, along with such motion, appellants attached the affidavit of Mr. Trowsdell, in which he stated that, in a personal capacity and as owner and manager of Brownsdell Properties, Ltd., the warrant of attorney was signed in Cuyahoga County. Additionally, upon reviewing the evidence, it is apparent that the note and warrant of attorney contain the notation "Cleveland, Ohio," a city located in Cuyahoga County.
Also, even were the language in the note intended to demonstrate that the appellants consented to jurisdiction in any court of record in Ohio, language contained in a cognovit note authorizing an attorney to appear in any court to confess judgment must be disregarded in favor of conforming to the requirements of R.C. 2323.13(A). See Sparks, supra. The wording of R.C. 2323.13(A) precludes any agreement or forum selection clauses contained in a cognovit note from interfering with the statutory jurisdictional requirements. Buckeye State Networks Ltd. Liab. Co. v.R.W. Hannah Assoc., Inc. (1999), 135 Ohio App.3d 169, 171 (holding that the forum selection clauses contained in the cognovit note were inapplicable, as they would interfere with the jurisdictional requirements of R.C. 2323.13(A)).
Based on the foregoing, we hold that the trial court lacked jurisdiction to enter judgment on the cognovit note. Consequently, without having to address appellants' other arguments relating to their assignment of error, we find that the trial court erred in failing to grant appellants' motion to vacate judgment. Appellants' assignment of error is sustained, and the judgment of the Summit County Court of Common Pleas is reversed.
SLABY, P.J., BAIRD, J. CONCUR.