JOURNAL ENTRY AND OPINION
{¶ 1} Defendants Ditchman Holdings L.L.L.P., Joseph Ditchman, and Eileen Ditchman (collectively referred to as "Ditchman") appeal from the order of the trial court which entered a cognovit judgment in favor of plaintiff B I Hotel Management, L.L.C. ("B I") and the order which denied Ditchman's motion for relief from that cognovit judgment. For the reasons set forth below, we affirm the cognovit judgment against Ditchman, affirm the denial of Ditchman's motion to vacate that judgment, and reverse and remand the award of attorney fees to B I.
 {¶ 2} On January 29, 2004, B I filed a complaint on a cognovit note against Ditchman alleging that defendants had defaulted on a secured cognovit promissory note and cognovit guaranty containing warrants of attorneys authorizing confession of judgment, and waiver of service of process and other rights. In relevant part, the cognovit promissory note provided:
 {¶ 3} "Ditchman * * * promises to pay to the order of B I * * * the principal sum of Two Million Two Hundred Thousand ($2,200,000.00) with interest from the date hereof on the unpaid principal at the prime rate of interest * * *. Monthly payments of interest only computed at the prime rate shall be due and payable on May 1, 2001 and on the first day of each successive month thereafter, to and including March 1, 2002 at which time all principal and accrued interest hereunder shall be due and payable in full.
 {¶ 4} "* * *
 {¶ 5} "3. Default; Acceleration. The following events shall constitute an event of default under this Note: (i) Failure to pay any amount of principal and/or interest when due on this Note; * * * Upon occurrence of any of the foregoing events, each an `event of Default' Lender may, at its option, declare the entire principal sum and accrued interest on this Note (including all reasonable costs incurred by the Lender in the enforcement of such agreement, in the collection of the sums then due reasonable attorney fee and all reasonable expenses incurred in connection with the protection and realization of any collateral) shall be immediately due and payable without demand upon or notice to Borrower (both being hereby expressly waived). Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.
 {¶ 6} "* * *
 {¶ 7} "5. Late Charge and Default Rate of Interest. The undersigned agrees to pay * * * a late charge of five per cent (5%) of the amount of each installment under this Note which is not paid within ten (10) days after the due date thereof. * * * After the maturity of this Note, or upon acceleration of the amounts due on this Note due to an Event of Default or otherwise, the unpaid balance of both principal and accrued interest shall bear interest at a rate of interest of three per cent (3%) per annum in excess of the rate of interest otherwise then applicable to the principal balance hereof (the "Default Rate of Interest.")
 {¶ 8} "* * *
 {¶ 9} "9. Non-Waivers. In the event the Lender * * * (d) accepts partial payments, or (e) otherwise exercises or waives or fails to exercise or otherwise waives or fails to exercise any right granted herein or in any other Loan Documents, no such act or omissions shall constitute a waiver of any default * * *.
 {¶ 10} "* * *
 {¶ 11} "11. Confession of Judgment. The Borrower hereby authorizes any attorney at law (including Holder's attorney) to appear in any court of record in the State of Ohio at any time after this Note becomes due, whether by acceleration or otherwise, and to waive the issuing and service of process and confess a judgment in favor of the Holder hereof * * * *.
{¶ 12} Warning — by signing this paper you give up your rightto notice and court trial * * *."
 {¶ 13} B I alleged that defendants had failed to repay the sum due on the note and that there remained due and owing the principal amount of $2,200,000. An answer confessing judgment was also filed. The trial court entered judgment by confession in favor of B I in the amount of $2,200,000, plus interest, late fees and "reasonable attorney fees."
 {¶ 14} On February 6, 2004, Ditchman filed a motion for relief from judgment pursuant Civ.R. 60(B). Ditchman asserted that it has made all of the "interest only" payments, that B I waived the maturity date of the principal payment by accepting twenty-three monthly payments after the original maturity date, and that B I failed to comply with the requirements of R.C.2323.13.
 {¶ 15} The trial court denied the motion for relief from judgment on February 26, 2004. The Court specifically determined that there is no just reason for delay, pursuant to Civ.R. 54(B), and also awarded B I interest in the amount of $117,172.60, late charges in the amount of $110,000, and attorney fees in the amount of $10,000. Ditchman now appeals the entry of the cognovit judgment, the denial of its motion for relief from judgment and the award of attorney fees to B I. Ditchman assigns four errors for our review.
 {¶ 16} Ditchman's first assignment of error states:
 {¶ 17} "The trial court lacked jurisdiction to enter judgment on the cognovit note where there was no allegation it was executed in Cuyahoga County or that Ditchman resides in Cuyahoga County."
 {¶ 18} In relevant part R.C. 2323.13(A) provides:
 {¶ 19} "* * * Notwithstanding any agreement to the contrary, if the maker or any of several makers resides within the territorial jurisdiction * * * or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed * * * in a municipal court having jurisdiction in such territory, provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney."
 {¶ 20} The language of R.C. 2323.13(A) precludes any agreement or forum selection clause from interfering with the statutory jurisdictional requirements. Sunset Land Partnershipv. Trowsdell, C.A. No. 20895, 2002-Ohio-4152, citing BuckeyeState Networks Ltd. Liab. Co. v. R.W. Hannah Assoc., Inc.
(1999), 135 Ohio App.3d 169, 171, 733 N.E.2d 301. Accordingly, "the confession of judgment must be made within the jurisdiction of a court in which either any one of the makers resides or where the warrant of attorney was signed." Sunset Land Partnership v.Trowsdell, supra; Sparks v. Delicom Sweet Goods, Inc. (Dec. 20, 1999), Fairfield App. No. 99-CA-11, citing to Gaal v.Mosher (1984), 16 Ohio App.3d 229, 475 N.E.2d 192.
 {¶ 21} Moreover, if judgment on the cognovit note is not obtained in the county where the maker resides or the county in which the cognovit note with warrant of attorney is executed, then the court is without subject matter jurisdiction and the cognovit judgment is void ab initio. Sparks v. Delicom SweetGoods, supra, citing Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.
 {¶ 22} In this matter, Ditchman asserts that the trial court erred in entering cognovit judgment against it because there is no allegation in B I's complaint that Ditchman Holdings resides in Cuyahgoa County or that the note was executed in Cuyahoga County.
 {¶ 23} In Sunset Land Partnership v. Trowsdell, supra, the defendants claimed that the Summit County Court of Common Pleas lacked jurisdiction to enter judgment on the cognovit note because none of the makers of the cognovit note reside in Summit County, and none of the makers executed the warrant of attorney in Summit County. The court considered evidence provided in connection with the motion to vacate which established that the makers of the note did not reside in Summit County and evidence which established that the note was not signed there. The Court stated:
 {¶ 24} "With regard to the motion to vacate, along with such motion, appellants attached the affidavit of Mr. Trowsdell, in which he stated that, in a personal capacity and as owner and manager of Brownsdell Properties, Ltd., the warrant of attorney was signed in Cuyahoga County. Additionally, upon reviewing the evidence, it is apparent that the note and warrant of attorney contain the notation "Cleveland, Ohio," a city located in Cuyahoga County." Id., at p. 6.
 {¶ 25} In this matter, the face of the secured cognovit promissory and the cognovit guaranty indicate note "Cleveland, Ohio, March 23, 2001." In addition, the affidavit of Joseph Ditchman, Jr. which was submitted in support of the motion to vacate did not contain any averments regarding the county where Ditchman Holdings resides, the county where he resides, the county where Eileen Ditchman resides, or the county where the note was executed. Further, the cognovit note plainly lists 1100 Superior Avenue, Cleveland, Ohio, as the address for Ditchman Holdings, and also lists Cuyahoga County locations for the other parties involved in this transaction. Accord Brown-Graves Co. v.Caprice Homes, Inc., Summit App. No. C.A. No. 20689, 2002-Ohio-945 (where cognovit note was signed in Summit County and contained the notation "Akron, Ohio," the Summit County Court of Common Pleas had jurisdiction to enter cognovit judgment).
 {¶ 26} In accordance with the foregoing, there is no basis in the record from which we can conclude that the makers do not reside in Cuyahoga County or that the cognovit note was not executed in Cuyahoga County. We therefore reject Ditchman's claims that this matter was improperly filed in Cuyahoga County and that the trial court erred in entering judgment on the cognovit note.
 {¶ 27} The first assignment of error is without merit.
 {¶ 28} Ditchman's second assignment of error states:
 {¶ 29} "The trial court abused its discretion in denying Ditchman Holding's motion for relief from cognovit judgment."
 {¶ 30} In general, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113.
 {¶ 31} Courts have held, however, that relief from judgment taken upon a cognovit note, without prior notice, may be established where the movant (1) establishes a meritorious defense, (2) in a timely application. See Rieck MechanicalElectrical Serv., Inc. v. Warner (June 7, 2002), Montgomery App. No. 19078; Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646,610 N.E.2d 542.
 {¶ 32} Nonetheless, by definition, cognovit notes cut off every defense, except payment, which the maker of the note may have against enforcement of the note. Advanced ClinicalManagement, Inc. v. Salem Chiropractic Center, Inc., Stark Dist. No. 2003CA00108, 2004-Ohio-120; First National Bank v. Freed,
Hancock App. No. 5-03-36, 2004-Ohio-3554; Saponari v. CenturyLimousine Serv., Cuyahoga App. No. 83018, 2003 Ohio 6501. Thus, the defense of payment may be raised as a meritorious defense, in a Civ.R. 60(B) motion, seeking relief from a cognovit judgment; partial payment is also a meritorious defense. Id.; AdvancedClinical Management, Inc. v. Salem Chiropractic Center, Inc.,
supra, citing G.W.D. Enters. v. Down River Specialties, Inc.
(May 24, 2001), Cuyahoga App. No. 78291.
 {¶ 33} In this matter, Ditchman asserted that it had made all of the "interest only" payments, and that B I had waived any default by accepting such payments after the original maturity date of the note. Under the facts of this matter, these claims do not constitute a meritorious defense. B I alleged that the principal amount of the note ($2,200,000) was unpaid and it sought interest and late charges, attorney fees, and costs, including interest "in the amount of $117,172.60 as of December 31, 2003 plus interest pursuant to the terms of the Note and guaranty from January 1, 2004 plus reasonable attorney fees, and the costs and expenses in this matter." Plainly, given the listed dates, B I was seeking interest due under paragraph five of the agreement, or the "Default Rate of Interest" and not any of the "interest only" payments. Accordingly, Ditchman's claim that it had made all of the "interest only" payments does not meet the substance of B I's allegations of nonpayment and therefore is not a meritorious defense of payment.
 {¶ 34} Moreover, Ditchman failed to demonstrate that waiver operated as a meritorious defense. A waiver is generally defined as a "voluntary relinquishment of a known right." State ex rel.Hess v. Akron (1937), 132 Ohio St. 305, 307, 7 N.E.2d 411, 413. See, also, Michigan Auto. Ins. Co. v. Van Buskirk (1927),115 Ohio St. 598, 155 N.E. 186, paragraph one of the syllabus. In this instance, Ditchman averred that B I accepted the "interest only" payments after the original maturity date of the note, without objection or demand for payment of the principal. We conclude that the trial court did not abuse its discretion in rejecting the claim that B I had waived its right to declare a default, as the parties expressly agreed that the failure to exercise the option to declare a default shall not constitute a waiver of the right to subsequently declare a default, the parties expressly agreed that acceleration could occur without demand or notice to borrower, and Ditchman failed to present evidence to demonstrate that B I relinquished its right to declare a default.
 {¶ 35} The second assignment of error is without merit.
 {¶ 36} Ditchman's third assignment of error states:
 {¶ 37} "The trial court abused its discretion in denying Ditchman Holding's motion for relief from cognovit judgment without conducting an evidentiary hearing or a trial on the merits."
 {¶ 38} There is no need for an evidentiary hearing on a Civ.R. 60(B) motion when there is sufficient evidence upon which to decide whether a meritorious defense was presented. Doddridgev. Fitzpatrick (1978), 53 Ohio St.2d 9, 371 N.E.2d 214; DoviInterests, Ltd. v. Somerset Point Ltd. Partnership, Cuyahoga App. No. 82507, 2003-Ohio-3968.
 {¶ 39} As noted previously, by simply claiming that it had made all of the "interest only" payments, Ditchman failed to present a meritorious defense. That is, Ditchman conceded that it had made such payments over twenty-three months, rather than the eleven months set forth in the secured cognovit promissory note, and Ditchman did not address B I's claim that it was not seeking interest in relation to the "interest only" payments, but rather, in relation to the Late Charge and Default Rate of Interest, as set forth in paragraph five of the agreement. In accordance with the foregoing, there was sufficient evidence to demonstrate that no meritorious defense was presented, and the trial court did not err in denying the motion without a hearing.
 {¶ 40} Ditchman's fourth assignment of error states:
 {¶ 41} "The trial court abused its discretion in awarding B 
I * * * $10,000 in attorney's fees."
 {¶ 42} This Court generally reviews a trial court's award of attorney fees for an abuse of discretion. Ceol v. ZionIndustries, Inc. (1992), 81 Ohio App.3d 286, 610 N.E.2d 1076. Pursuant to Sup.R. 71(A), "attorney fees in all matters shall be governed by DR 2-106 of the Code of Professional Responsibility." In accordance with DR 2-106(B), the following factors are "to be considered as guides in determining the reasonableness of a fee * * *."
 {¶ 43} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 44} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 45} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 46} "(4) The amount involved and the results obtained.
 {¶ 47} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 48} "(6) The nature and length of the professional relationship with the client.
 {¶ 49} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the service.
 {¶ 50} "(8) Whether the fee is fixed or contingent."
 {¶ 51} Further, a trial court must base its determination of reasonable attorney fees upon actual value of the necessary services performed, and there must be some evidence which supports the court's determination. Climaco, Seminatore,Delligatti Hollenbaugh v. Carter (1995), 100 Ohio App.3d 313,653 N.E.2d 1245. Finally, the attorney seeking fees bears the burden of proving that the billed time was fair, proper and reasonable. See Jacobs v. Holston (1980), 70 Ohio App.2d 55,60, 434 N.E.2d 738.
 {¶ 52} In this matter, the record fails to demonstrate how the court derived the $10,000 fee award. There is no indication that the court took evidence in accordance with the structure outlined in DR 2-106, or that it otherwise determined the value of the services, or the fairness and reasonableness of the fee. B I concedes that the award was derived "without hearing." Appellee's Brief at 14. This assignment of error is therefore well-taken. The order of the trial court which awarded B I 10,000 for attorney fees is reversed and remanded for further proceedings consistent with this opinion.
 {¶ 53} The order of the trial court which awarded B I cognovit judgment against Ditchman is affirmed, the order of the trial court which denied Ditchman's motion to vacate the cognovit judgment is affirmed, and the order of the trial court which awarded B I $10,000 for attorney fees is reversed and remanded.
It is ordered that appellee and appellants split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Karpinski, J., Concur.