{¶ 26} I respectfully concur with the result reached by my colleagues. I write separately, however, to provide further explanation and to address the trial court's failure to rule on the Civ.R. 60(B) motion when we provided them with a limited remand to do so.
 {¶ 27} The majority explains in paragraph 23 of the opinion that a cognovit note allows the holder of the note to quickly obtain judgment, without the possibility of trial. "By signing a cognovit note, a debtor relinquishes the possibility of notice, hearing or appearance at an action to collect in the event of non-repayment. To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements." (Citations omitted.) Masters Tuxedo Charleston, Inc. v.Krainock, 7th Dist. No. 02CA80, 2002-Ohio-5235, at ¶ 6. If the debtor disputes a cognovit judgment entered against them, the debtor may pursue redress by filing a Civ.R. 60(B) motion for relief from judgment. Id, at ¶ 7." Opinion ¶ 23.
 {¶ 28} The above is a correct recitation of the law. Thus, from that recitation, it is understood that an appeal from a cognovit judgment addresses whether the procedural requirements of R.C. 2323.13 were met. For instance, whether the warrant of attorney was confessed in the appropriate court (R.C. 2323.13(A)), the petition includes the last known address (R.C. 2323.13(B)), or the warrant of attorney contains the appropriate warning (R.C. 2323.13(D)). If they are not met, then the trial court is without jurisdiction to enter judgment. Gaal v.Mosher (1984), 16 Ohio App.3d 229. Consequently, the appeal of the cognovit judgment can appropriately address those issues. However, if the debtor believes justice was not served by cognovit judgment, then redress is pursued through a Civ.R. 60(B) motion, not through an appeal of the trial court's order of cognovit judgment.
 {¶ 29} The arguments made in this appeal do not go to whether the requirements of R.C. 2323.13 were met. Rather, the arguments made in this appeal dispute the entrance of cognovit judgment, i.e. the actual justice of the judgment. Thus, the arguments made are arguments that should be raised in a Civ.R. 60(B) motion.
 {¶ 30} Sieben filed a Civ.R. 60(B) motion on the same day the appeal was filed. As such, the trial court lacked jurisdiction to rule on the motion. However, this court granted a limited stay for 60 days so that the trial court could rule on the issue. The trial court did not do so.
 {¶ 31} While I strongly believe the trial court should have ruled upon the Civ.R. 60(B) motion when we gave it a limited remand to do so, I cannot clearly find that it erred for failing to do so. Our grant of a limited remand to the trial court is a courtesy to all parties involved. It is in the best interest of all parties concerned that the trial court take advantage of the limited remand and rule on the issue before it. By doing so, the trial court may dispose of the issues that are currently on appeal and thus resolve the case quicker than an appeal takes. Clearly, it is in the interest of judicial economy for trial courts to rule on the issue during the limited remand. Thus, courts should rule on the issue during the limited remand.
 {¶ 32} In conclusion, while I do not believe the trial court committed reversible error in failing to rule on the Civ.R. 60(B) motion during the limited remand by this court, the fact remains that the trial court should have ruled on it. Our affirmance of the cognovit judgment in this case does not affect the Civ.R. 60(B) motion pending with the trial court and the arguments raised in that motion. With the resolution of this appeal, the trial court regains jurisdiction to decide the motion pending before it and appellant has potential remedies available should the trial court refuse to decide the issue.