OPINION
{¶ 1} Appellant Elizabeth Saret appeals the grant of summary judgment in favor of Appellee James S. McGrath in the Fairfield County Court of Common Pleas, Domestic Relations Division. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 29, 2000, Appellant Elizabeth Saret gave birth to twin sons. On June 26, 2000, appellant, together with Appellee James McGrath, executed an acknowledgement of paternity form, naming appellee as the father of the twins.
 {¶ 3} On March 6, 2001, the parties agreed to genetic testing to establish the paternity of the twins. Said agreement acknowledged that appellant and the twins would be moving to California. Appellant did not submit herself or the twins for the agreed upon genetic testing.
 {¶ 4} On June 25, 2001, appellee filed a complaint in Fairfield County for rescission of the acknowledgement of paternity. On August 27, 2002, the trial court ordered appellant to submit herself to genetic testing within thirty days or an order would be issued stating appellee was not the father of the twins. A nunc pro tunc entry was filed on August 28, 2002 to include the twins for genetic testing.
 {¶ 5} Because appellant did not submit herself and the twins for genetic testing per the August 28, 2002 order, appellee filed a motion for summary judgment on October 15, 2002. By judgment entry filed March 12, 2003, the trial court issued an order stating appellee was not the biological father of the twins.
 {¶ 6} Appellant thereupon appealed to this Court. We found without merit appellant's claim that Fairfield County lacked jurisdiction, but remanded the matter to provide appellant one more opportunity to submit to genetic paternity testing. See McGrath v. Saret (Dec. 26, 2003), Fairfield App. No. 03CA26 ("McGrath I").
 {¶ 7} Following remand, appellant did not avail herself of genetic testing, nor did she appeal our decision to the Ohio Supreme Court. Appellee filed a motion for summary judgment with the trial court on February 5, 2004. Appellant filed a memorandum contra on March 16, 2004. On March 31, 2004, the court issued a judgment entry granting summary judgment in favor of appellee, and recognizing the paternity acknowledgements of June 26, 2000 as being timely rescinded. The court thus ordered that no parent and child relationship exists between appellee and the twins, Timothy James and Jack Scott.
 {¶ 8} Appellant filed a notice of appeal on April 29, 2004. She herein raises the following sole Assignment of Error:
 {¶ 9} "I. The trial court erred in granting summary judgment in the within case."
 {¶ 10} In her sole Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellee regarding his complaint for rescission of paternity. We disagree.
 {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.
 {¶ 12} Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. As such, we must refer to Civ. R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *" A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 14} Appellant herein essentially re-asserts her position that the service of process by publication on appellee's complaint was insufficient and that California is the proper forum for the parties' dispute. However, this Court's decision of December 26, 2003, states as follows in pertinent part: "From the inception of this case, appellant challenged the trial court's jurisdiction to hear appellee's complaint. * * * Now that we have found jurisdiction, appellant is to carry out the trial court's order of August 28, 2002 and submit herself and the twins for genetic testing within thirty days of this opinion and accompanying judgment entry. If appellant fails to comply, the trial court may reissue its March 12, 2003 judgment entry." McGrath I at 6.
 {¶ 15} Following remand, appellee filed a motion for summary judgment on February 5, 2004, attaching therewith an affidavit by a LabCorp supervisor, indicating that appellant and the two children had not submitted samples for genetic testing. Appellant does not herein challenge the veracity of the affidavit. Moreover, the doctrine of the law of the case "establishes that the `decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.,81 Ohio St.3d 214, 218, 690 N.E.2d 515, 1998-Ohio-465, quoting Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. The doctrine of the law of the case "functions to compel trial courts to follow the mandates of reviewing courts." Hubbard ex rel. Creed v. Sauline (1996),74 Ohio St.3d 402, 404, 659 N.E.2d 781, quoting Nolan, supra.
 {¶ 16} Accordingly, we find no genuine issue of material fact as to appellant's failure to submit to genetic testing with the twins, and we hold the trial court did not err in granting summary judgment based on the law of the case.
 {¶ 17} Appellant's sole Assignment of Error is overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is affirmed.
Wise, J., Hoffman, P.J., and, Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is affirmed.
Costs to appellant.