DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas that found appellant guilty of one count of aggravated murder with a firearm specification and one count of aggravated robbery. The trial court sentenced appellant to a total of 32 years incarceration. For the following reasons, the judgment of the trial court is reversed as to appellant's sentence and remanded to the trial court.
 {¶ 2} Appellant Jonathan Haas sets forth a single assignment of error:
 {¶ 3} "The trial court erred to the prejudice of Mr. Haas when it sentenced him to non-minimum, consecutive sentences in violation of his Sixth Amendment rights under the Constitution."
 {¶ 4} On September 30, 2005, appellant withdrew his pleas of not guilty in exchange for the state's dismissal of a death penalty specification, one gun specification and four counts of the indictment against him. Appellant entered pleas of guilty to one count of aggravated murder with a gun specification and one count of aggravated robbery. On November 3, 2005, sentence was imposed. The trial court sentenced appellant to 20 years to life on the aggravated murder conviction with an additional three years for the gun specification. Additionally, the court imposed a sentence of nine years on the aggravated robbery conviction. The sentences were ordered to be served consecutively. Trial counsel objected to the consecutive, non-minimum sentences on the basis of Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 5} Appellant asks this court to reverse his sentences and order the trial court to impose minimum, concurrent sentences as to each count in accordance with Blakely, supra. Blakely held that a sentencing court may not impose a non-minimum sentence based on factual findings neither admitted by the defendant nor found by a jury. In response to appeals based on Blakely, this court subsequently determined that the Blakely decision was not applicable to Ohio's sentencing statutes. See, e.g., State v.Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-217. However, in February 2006, the Supreme Court of Ohio held that portions of this state's sentencing statutes violated a defendant's Sixth Amendment right to a trial by jury. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. The court severed those statutes, thereby allowing trial courts full discretion when imposing prison sentences in most situations. Foster at ¶ 100. Pursuant toFoster at ¶ 104, we find that appellant's sentence is void. The judgment is vacated as to sentence only and remanded to the trial court for a new sentencing hearing. Appellant's sole assignment of error is well-taken.
 {¶ 6} On consideration whereof, this case is reversed and remanded to the Fulton County Court of Common Pleas for a new sentencing hearing in accordance with Foster, supra. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT REVERSED.