OPINION *Page 2 
{¶ 1} These are two appeals consolidated for purposes of this opinion. In appeal 06 CA 72, Jack S. and Timothy J. McGrath, minors, by their mother and next friend Elizabeth Stauber, appeal the judgment of the Court of Common Pleas of Fairfield County in Case Number 06 PA 111. In this case the court dismissed the children's complaint to find appellee James McGrath is their father. Appellants assign four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN RULING THAT A JUDGMENT ALLOWING THE DEFENDANT-APPELLEE JAMES MCGRATH TO RESCIND HIS ACKNOWLEDGEMENT OF PATERNITY WAS RES JUDICATA, THEREBY DISMISSING A SUBSEQUENT ACTION FOR PARENTAGE AGAINST MCGRATH BROUGHT BY THE PLAINTIFF-APPELLANT MINOR CHILDREN.
 {¶ 3} "II. THE TRIAL COURT ERRED IN ITS APPLICATION OF RES JUDICATA TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT MINOR CHILDREN, AND MUST BE REVERSED UNDER THE PLAIN-ERROR DOCTRINE TO PREVENT A MANIFEST MISCARRIAGE OF JUSTICE AGAINST THE MINOR CHILDREN.
 {¶ 4} "III. THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF-APPELLANT'S MINOR CHILDREN HAVE ENGAGED IN VEXATIOUS LITIGATION AS CONTEMPLATED BY R.C. 2323.51, AND GRANTING DEFENDANT-APPELLEE MCGRATH'S MOTION FOR ATTORNEY'S FEES AND EXPENSES.
 {¶ 5} "IV. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S OBJECTION AND MOTION TO STRIKE FROM THE RECORD DNA *Page 3 
TEST RESULTS FROM PLAINTIFFS' MOTION TO PRESERVE DNA SAMPLES AND TEST RESULTS."
 {¶ 6} In appeal 06 CA 71, Elizabeth Stauber, Jack S. McGrath and Timothy J. McGrath appeal the judgment of the Court of Common Pleas, Domestic Relations Division in Case Number 06 DR 668. In this case, the court sustained appellee James McGrath's motion for relief from judgment brought pursuant to Civ.R. 60(B), and refused to enforce appellants' foreign judgment from the State of California, which established paternity and ordered support. Appellants assign three errors in this appeal:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT MCGRATH'S MOTION FOR RELIEF FROM THE CALIFORNIA JUDGMENTS BECAUSE THE CALIFORNIA JUDGMENTS WERE ENTITLED TO FULL FAITH AND CREDIT.
 {¶ 8} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT MCGRATH'S MOTION FOR RELIEF FROM THE CALIFORNIA JUDGMENTS BECAUSE IT EFFECTIVELY `REVERSED' A CALIFORNIA DECISION WHICH MCGRATH FAILED TO APPEAL IN CALIFORNIA.
 {¶ 9} "III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT MCGRATH'S MOTION FOR RELIEF FROM THE CALIFORNIA JUDGMENTS BECAUSE IT IS NOT UNJUST FOR MCGRATH TO COMPLY WITH THOSE JUDGMENTS." *Page 4 
 {¶ 10} On March 29, 2000, Elizabeth Stauber gave birth to twin sons, Jack Scott and Timothy James McGrath. On June 26, 2000, James McGrath executed an Acknowledgment of Paternity Affidavit with the Ohio Department of Human Services.
 {¶ 11} On March 6, 2001, Stauber and McGrath signed an Agreed Entry with the Fairfield County Court of Common Pleas, allocating parental rights and responsibilities between them and agreeing to undergo genetic testing to establish the father-child relationship between McGrath and the twins. The agreement acknowledged Stauber and the twins would be moving to California. Stauber did not submit herself or the twins for the genetic testing, and she moved with the children to California. The children have never been back to Ohio.
 {¶ 12} On June 25, 2001, James McGrath filed a complaint in Fairfield County for rescission of the acknowledgement of paternity. On August 27, 2002, the trial court ordered Stauber to submit herself to genetic testing within thirty days or an order would be issued stating James McGrath was not the father of the twins. A Nunc Pro Tunc Entry was filed on August 28, 2002 to include the twins for genetic testing. Stauber did not submit herself and the twins for genetic testing, and James McGrath moved for summary judgment on October 15, 2002. On March 12, 2003, the trial court issued an order stating James McGrath was not the biological father of the twins.
 {¶ 13} Stauber appealed the ruling to this court. We rejected Stauber's claim the Fairfield County court lacked jurisdiction, but remanded the matter to give her one more opportunity to submit to genetic testing. She again failed to do so.
 {¶ 14} On March 31, 2004, the trial court issued a judgment entry granting McGrath's motion for summary judgment, finding the paternity acknowledgments were *Page 5 
rescinded, and finding no parent-child relationship existed between McGrath and the twins. On appeal, this court affirmed, finding summary judgment in favor of James McGrath was properly based on the law of the case. Stauber did not appeal to the Ohio Supreme Court, or file a motion for Civil Rule 60(B) relief.
 {¶ 15} While in California, both children sought medical attention. Timothy has Asperger's syndrome, a mild form of autism. Jack has epilepsy and has a cyst on his right temporal lobe. Jack's doctor states surgery to remove the cyst is absolutely medically necessary.
 {¶ 16} Stauber filed a personal injury lawsuit against James McGrath in the State of California alleging Jack's brain condition was the result of McGrath striking her when she was pregnant.
 {¶ 17} Stauber did not have health insurance, and could not obtain it on her own because of her children's pre-existing conditions. She married, however, and her husband, Ronald Stauber, attempted to adopt the twins so he could add them to his insurance. However, McGrath fought the adoption, and would only give consent if the Stauber dropped the personal injury suit against him. Elizabeth Stauber refused to do so, and Ronald Stauber could not adopt the children. McGrath's action in contesting the adoption is inconsistent with his contention he is not legally the father of the twins.
 {¶ 18} In the State of California, Jack and Timothy, through a guardian ad litem, filed actions for paternity and support. McGrath's California attorneys moved to dismiss the suit, arguing Ohio's judgment should be binding on California under the Full Faith and Credit Clause and because res judicata barred California from reconsidering the paternity of the children. The California court found it could not accord full faith and *Page 6 
credit to the 2004 Ohio judgment because Ohio did not properly exercise jurisdiction; it also found res judicata was no bar to a judgment in California. The California court denied McGrath's motion to dismiss, holding Jack and Timothy's rights were never appropriately addressed by the Fairfield County Court of Common Pleas.
 {¶ 19} The California court found James McGrath is the father of Jack and Timothy. Elizabeth Stauber then sought orders regarding the payment of child support, medical expenses and insurance coverage, which the court granted, including a judgment for arrearages and reimbursements. Stauber and the children then filed the California judgments for enforcement pursuant to UFISA in Case Nos. 06 MI 4, 5, 6, and 7. These were consolidated into Case No. 05 DR 00668 in Fairfield County.
 {¶ 20} Finally, Stauber took the twins for DNA testing, which showed James McGrath is the biological father of Jack and Timothy McGrath with a 99.99 percent chance of probability.
 {¶ 21} We will address the issues in the appeal in the paternity case first.
 I II {¶ 22} In their first two assignments of error, appellants argue the court should not have dismissed the complaint to establish McGrath as the father of the children.
 {¶ 23} The trial court found the matter had been fully adjudicated and the matter was now res judicata. The court held appellants are collaterally estopped from asserting appellee is the father of the children. The court concluded neither it nor any other court has jurisdiction to consider the matter, and accordingly dismissed the matter pursuant to Civ. R. 12(B)(1) and (6). *Page 7 
 {¶ 24} Our standard of reviewing a court's dismissal for want of subject matter jurisdiction under Civ. R. 12(B)(1) is to determine whether the complaint raises any cause of action cognizable in the forum, see State ex rel. Bush v. Spurlock (1989), 42 Ohio St. 3d 77. Our standard of reviewing a dismissal for failure to state a claim upon which relief may be granted, made pursuant to Civ. R. 12 (B)(6) is to construe all the factual allegations, and all the reasonable inferences drawn from the factual allegations, in favor of the plaintiff. If it appears the plaintiff can prove no set of facts warranting relief, then dismissal pursuant to Civ. R. 12(B)(6) is appropriate. See, e.g.State ex rel. Fuqua v. Alexander, 79 Ohio St.3d 206, 1997-Ohio-169,680 N.E.2d 985.
 {¶ 25} Appellants assert the doctrine of res judicata does not bar the children's complaint for determination of paternity. In Norwood v.McDonald, (1943), 142 Ohio St. 299, the Ohio Supreme Court defined the doctrine of res judicata. A previous valid judgment on the merits, without fraud or collusion, entered by a court of competent jurisdiction, is conclusive of the rights, questions, and facts in issue, as to the parties and those in privity, in all subsequent actions in the same or any other judicial tribunal or concurrent jurisdiction,Norwood at 305.
 {¶ 26} In Knapp v. Knapp (1986), 24 Ohio St.3d 141, 144-145,493 N.E.2d 1353, the Ohio Supreme Court held, "[F]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values." Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child. Strack v. Pelton *Page 8 
(1994), 70 Ohio St.3d 172, 637 N.E.2d 914. While Knapp dealt with a motion made pursuant to Civ. R. 60(B), the principle enunciated inKnapp applies here as well. This case has been litigated and re-litigated, and the parties have expended time and money which no doubt could have been used better for these children. It is time for the matter to be final.
 {¶ 27} While appellants' arguments may be emotionally attractive, nevertheless, there is a final judgment entered by a court of competent jurisdiction, affirmed by this court, and not appealed to the Ohio Supreme Court, which is dispositive of the issues raised in this case. The trial court was correct in finding neither it nor any other court has jurisdiction to entertain a new action on the same issues.
 {¶ 28} We find the court did not err in dismissing the parentage action. Accordingly, the first and second assignments are overruled.
 IV {¶ 29} In light of our holding in I and II supra, the fourth assignment of error is overruled.
 III {¶ 30} In their third assignment of error, appellants argue the court should not have found their actions herein are frivolous. The trial court held they had engaged in a calculated effort to cause appellee a tremendous economic burden.
 {¶ 31} The decision to impose sanctions lies within the discretion of the trial court, State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65,505 N.E.2d 966. Whether there are good legal grounds to support a complaint, however, is a question of law reviewable under a de novo standard, Passmore v. Greene City. Bd. of Elections *Page 9 
(1991), 74 Ohio App.3d 707, 712, 600 N.E.2d 309. When reviewing a trial court's decision to impose sanctions an appellate court must determine: "(1) whether any legal grounds for the pleading exist as a matter of law; and if so, (2) whether the trial court abused its discretion in its determination of whether there was a willful violation of the Rule."Lorain v. Elbert (Apr. 22, 1998), Lorain App. No. 97CA006747 (citations omitted). Civ.R. 11 employs a subjective bad faith standard, Stone v.House of Day Funeral Services., Inc. (2000), 140 Ohio App.3d 713, 721,748 N.E.2d 1200.
 {¶ 32} We find the filing of this action was not frivolous, and consequently the court erred in awarding sanctions. The third assignment of error is sustained.
 {¶ 33} We turn now to the assignments of error in the case to enforce the California orders.
 II III {¶ 34} Civ. R. 60(B) provides:
 {¶ 35} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons *Page 10 
(1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 36} In GTE Automatic Electric Company v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, the Supreme Court held to prevail on a motion brought pursuant to Civ. R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken.
 {¶ 37} McGrath's motion did not specify under what section he sought relief, but his memorandum in support argued appellant Stauber committed fraud; it would be inequitable to enforce the judgment; and other relief is justified, because the California court erred in refusing to honor the previous Ohio order.
 {¶ 38} The California court declined to enforce the Ohio judgment, finding Ohio lacked jurisdiction over the children. This court had already determined Ohio had jurisdiction over the children, seeMcGrath v. Saret (December 26, 2003), Fairfield App. No. 03CA26;McGrath v. Saret, Fairfield App. No. 04CA27, 2005-Ohio-217. The California court could not overrule this ruling.
 {¶ 39} As stated supra, there is a final judgment entered by a court of competent jurisdiction, affirmed by this court, and not appealed to the Ohio Supreme Court, entered prior to the California order. The trial court could not enforce any order *Page 11 
contrary to this Ohio judgment. However, we find the trial court exceeded its jurisdiction in the manner in which it dealt with the issues.
 {¶ 40} The trial court's judgment entry sustained McGrath's Motion for Relief from Judgment and held the California decision is void. The court vacated the California judgment and dismissed the Motion to Enforce the Foreign Judgment. We find the court erred in doing so.
 {¶ 41} No state court has jurisdiction to vacate a judgment entered in another state. While Ohio has the authority to declare a foreign judgment unenforceable in Ohio, the California judgment cannot be vacated except in the jurisdiction in which it was entered. California, or any other state analyzing these conflicting decisions from Ohio and California, may decide to enforce the California judgment over our Ohio decisions in this matter.
 {¶ 42} The second and third assignments of error are sustained.
 I {¶ 43} Appellants' first assignment of error argues the trial court should have afforded the California judgment full faith and credit and should have sustained their motion to enforce it. We do not agree. The California judgment is simply not enforceable in Ohio.
 {¶ 44} The first assignment of error is overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio in appellate number 06 CA72, on appeal from Common Pleas No. 06PA00111, is affirmed in part, and reversed as to the award of sanctions. The judgment of the court in appellate number 06 CA 71, on appeal from Common Pleas *Page 12 
No. 05 DR 668 is affirmed in part and reversed in part and final judgment is entered pursuant to App. R. 12: Pursuant to App. R. 12(B) we hereby enter the judgment the court should have entered: the Motion to Enforce the Foreign Judgment is overruled, and the California judgment appellants sought to enforce is stricken. The Motion for Relief from Judgment is moot.
By Gwin, P.J., Hoffman, J., concurs in part; dissents in part; Edwards, J., concurs in part *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio in Appellate Case Number 06CA71, on appeal from Common Pleas Case Number 05DR668 is affirmed in part and reversed in part and final judgment is hereby rendered pursuant to App.R. 12: the Motion to Enforce the Foreign Judgment is overruled, and the California judgment appellants sought to enforce is stricken. The Motion for Relief from Judgment is moot. Costs to appellants. *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion the judgment of the Court of Common Pleas of Fairfield County, Ohio in appellate number 06 CA72, on appeal from Common Pleas No. 06PA72, is affirmed in part and reversed as to the award of sanctions. Costs to be split between appellants and appellee. *Page 13