[Cite as *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FIFTH THIRD BANK, N.A., | ) | |
| | ) | CASE NO.  09 MA 112 |
| APPELLEE, | ) | |
| | ) | |
| - V - | ) | OPINION |
| | ) | |
| MAPLE LEAF EXPANSION, INC., | ) | |
| | ) | |
| APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
                               Court, Case No. 09FJ3.


JUDGMENT:                      Affirmed.




JUDGES:
Hon. Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                               Dated:  March 31, 2010


APPEARANCES:

       Harrington, Hoppe & Mitchell, Ltd. and Frederick S. Coombs IIII; and Berstein
Law Firm, PC, and Nicholas D. Krawec, for appellee.

              Frederic Lombardi, Patrick Keating, Michael Matasich, and David J.
Betras, for appellant.

DeGenaro, Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Maple Leaf Expansion, Inc. appeals the June 10, 2009 decision of the Mahoning County Court of Common Pleas that denied Maple Leaf's motion to vacate a foreign judgment regarding two cognovit notes. The foreign judgment on warrant of attorney, in favor of appellee Fifth Third Bank, N.A., had been entered by the Court of Common Pleas of Butler County, Pennsylvania.

{¶ 2} Maple Leaf argues that the trial court's decision not to vacate the foreign judgment was erroneous, as the Pennsylvania court did not have subject-matter jurisdiction to enter judgment. Maple Leaf presents multiple arguments, relying on Ohio statutory law and Pennsylvania common law, to support its contention that subject-matter jurisdiction was lacking. Upon review, Maple Leaf's sole assignment of error is meritless.

{¶ 3} Although Maple Leaf's arguments speak to issues such as the application of choice-of-law contractual provisions and the states' substantive laws regarding cognovit notes, they do not support the contention that the Pennsylvania court lacked the power to review the action brought before it and to determine the rights of the parties. Because the Pennsylvania court had jurisdiction over the subject matter of the action before it, the Ohio trial court was bound to give full faith and credit to the Pennsylvania judgment. Accordingly, the decision of the trial court is affirmed.

## Facts and Procedural History

{¶ 4} On October 17, 2006, Maple Leaf signed two mortgage motes with Fifth Third for properties in Trumbull and Mahoning Counties. The motes identify Maple Leaf as an Ohio corporation, and indicate that payments on the note are to be made to Fifth Third in Pennsylvania. The notes include clauses indicating that the notes are to be governed by Ohio law and warrants of attorney to confess judgment in the event that Maple Leaf defaults on the notes.

{¶ 5} On April 22, 2008, Fifth Third sent a notice of default and notice of acceleration to Maple Leaf on both notes. On or about September 26, 2008, a complaint in confession of judgment was filed on behalf of Fifth Third in the Court of Common Pleas of Butler County, Pennsylvania. On October 1, 2008, the Prothonotary of the Pennsylvania court entered judgment on the confession.

{¶ 6} On February 17, 2009, Fifth Third filed the October 1, 2008 foreign judgment of the Pennsylvania court with the Mahoning County Court of Common Pleas. Fifth Third filed a certified complete record of the Pennsylvania case, an affidavit averring the validity of the foreign judgment, and a request to issue notice of the foreign judgment to Maple Leaf. On March 13, 2009, Maple Leaf filed a Civ.R. 60(B) motion to vacate the foreign judgment, arguing that the notes contained invalid confession of judgment clauses and that the Pennsylvania court did not have jurisdiction to enter judgment. On March 19, 2009, Maple Leaf filed a motion to stay execution of the foreign judgment, which the trial court granted. On June 10, 2009, the trial court overruled Maple Leaf's motion to vacate.

{¶ 7}  After Maple Leaf's notice of appeal, and on its motion, the trial court stayed the proceedings and execution of the foreign judgment pending the present appeal.

## Subject-Matter Jurisdiction

{¶ 8}  In its sole assignment of error, Maple Leaf asserts:

{¶ 9}  "The Trial Court erred by overruling Maple Leaf Expansion, Inc.'s Motion to Vacate Foreign Judgment because the Pennsylvania Court lacked subject matter jurisdiction to issue the Foreign Judgment rendering it void."

{¶ 10} Maple Leaf contends that the Pennsylvania court did not have subject-matter jurisdiction over the cognovit notes and thus that the Pennsylvania judgment should not be enforced in Ohio.  Although an Ohio court does not have the authority to vacate a foreign judgment entered in a sister state, a Civ.R. 60(B) motion in a foreign-judgment context functions to raise "the issue of whether the Ohio court should refuse to enforce such judgment because of lack of jurisdiction."  *Dollar Bank v. Bernstein Group, Inc.* (1991), 71 Ohio App.3d 530, 532, 594 N.E.2d 1074, at fn.1.  See also *Stauber v. McGrath*, 5th Dist. Nos. 2006-CA-71 and 2006-CA-72, 2007-Ohio-6296, at ¶41.  A motion challenging a court's subject-matter jurisdiction inherently raises a question of law, which is reviewed independently without deference to a trial court's determination.  *In re Campbell*, 7th Dist. No. 05 MA 10, 2006-Ohio-1764, at ¶7, citing *Burns v. Daily* (1996), 114 Ohio App.3d 693, 701, 683 N.E.2d 1164.  We therefore proceed to review Maple Leaf's argument under a de novo standard of review.

{¶ 11} Ohio courts are required to honor judgments from foreign states pursuant to the Full Faith and Credit Clause, Section 1, Article IV, United States Constitution.

Ohio's Uniform Enforcement of Foreign Judgment Act, R.C. 2329.021 et seq., sets forth Ohio's obligations under the Full Faith and Credit Clause and its federal statutory codification in Section 1738, Title 28, U.S. Code. "The doctrine of full faith and credit requires that the state of Ohio give to * * * judicial proceedings of another state the same faith and credit as they have by law or usage in the courts of the state from which they are taken." *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 712 N.E.2d 713, syllabus.

{¶ 12} The United States Supreme Court has explained, "The concept of full faith and credit is central to our system of jurisprudence. Ours is a union of States, each having its own judicial system capable of adjudicating the rights and responsibilities of the parties brought before it. Given this structure, there is always a risk that two or more States will exercise their power over the same case or controversy, with the uncertainty, confusion, and delay that necessarily accompany relitigation of the same issue." *Underwriters Natl. Assur. Co. v. North Carolina Life & Acc. & Health Ins. Guar. Assn.* (1982), 455 U.S. 691, 703-704, 102 S.Ct. 1357, 71 L.Ed.2d 558. Thus, in order to protect the finality of judgments and prevent conflict or confusion, we are generally bound to honor judgments from foreign states. A Pennsylvania judgment therefore must be given the same credit and res judicata effect in Ohio as it would hold in Pennsylvania. *Durfee v. Duke* (1963), 375 U.S.106, 109, 84 S.Ct. 242, 11 L.Ed.2d 186.

{¶ 13} However, the question of subject-matter jurisdiction is one that is always open to inquiry and provides an exception to the general concept of full faith and credit. *Thompson v. Whitman* (1873), 85 U.S. 457, 21 L.Ed. 897. If a court lacks subject-matter jurisdiction to render judgment on an action, then that court's proceedings are

void ab initio and the Full Faith and Credit Clause would not apply. *Underwriters*, 455 U.S. at 705, 102 S.Ct. 1357, 71 L.Ed.2d 558. Thus, although parties are generally barred from collaterally attacking a foreign judgment in a different state, they may do so if the foreign court lacked subject-matter jurisdiction. *Durfee,* 375 U.S. at 110, 84 S.Ct. 242, 11 L.Ed.2d 186; *Wyatt v. Wyatt* (1992), 65 Ohio St.3d 268, 270, 602 N.E.2d 1166.

{¶ 14} If the Court of Common Pleas of Butler County, Pennsylvania truly lacked the requisite subject-matter jurisdiction to provide a ruling on a confession of judgment, then the Ohio trial court would not be bound to afford full faith and credit to the judgment and the denial of Maple Leaf's Civ.R. 60(B) motion would be in error. However, the term "jurisdiction" tends to be quite liberally applied, and as a result the term "subject-matter jurisdiction" can often be misconstrued. *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, at ¶5; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶12. Thus, a review of the term's meaning will shed light on the question of whether subject-matter jurisdiction was lacking in this case.

{¶ 15} Subject-matter jurisdiction is defined as a court's power to hear and decide cases. *Pratts* at ¶11; *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 73, 701 N.E.2d 1002; *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841. Subject-matter jurisdiction relates to the proper forum for an entire class of cases, not the particular facts of an individual case. *In re Ohio Bur. of Support*, 7th Dist. No. 00AP0742, citing *State v. Swiger* (1998), 125 Ohio App.3d 456, 462, 708 N.E.2d 1033. In the civil context, subject-matter jurisdiction is present if the action brought before a court alleges "any cause of action cognizable by the forum." Id.

{¶ 16} Though the term "jurisdiction" is often used in reference to a court's subject-matter jurisdiction, it is also used in reference to a court's jurisdiction over a particular case. *Pratts,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶12. "There is a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." Id*.* at ¶ 10.  The term "jurisdiction" is commonly used when a court makes an unauthorized ruling in a case that is otherwise within that court's subject-matter jurisdiction.  Id. at ¶19-21.  This latter use of "jurisdiction" does not relate to subject-matter jurisdiction and would not render a judgment void ab initio.  If there is any valid ground upon which a confession of judgment might be properly sought and entered in Pennsylvania, even if " 'it would be highly erroneous, even jurisdictionally wrong in the sense of inexcusable use of judicial authority' " as applied in this case, then the Pennsylvania court's decision might be voidable as erroneous, but it would not be void for lack of subject-matter jurisdiction.  *State ex rel. Beil v. Dota* (1958), 168 Ohio St. 315, 321, 7 O.O.2d 36, 154 N.E.2d 634, quoting *Cline v. Whitaker* (1911), 144 Wis. 439, 129 N.W. 400, at paragraph three of the syllabus.

{¶ 17} Subject-matter jurisdiction relates only to the power of the court, not to the rights of the parties.  *State ex rel. Tubb Jones,* 84 Ohio St.3d at 75, 701 N.E.2d 1002.  Specifically, arguments regarding whether a case should be tried in a Pennsylvania court versus an Ohio court based on the residency of the parties to an agreement or based on the location where the cause of action arose "call into question principles of conflict or choice of law, venue and, to some extent, personal jurisdiction; they do not go to subject matter jurisdiction, which 'connotes the power of the court to hear and

decide a case *upon its merits.'* (Emphasis added.) *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 290 N.E.2d 841. When determining whether a court has subject matter jurisdiction, a court does not determine which forum should hear and decide the case or which state's legal principles should govern the outcome. Id." *Stocklas v. Erie Ins. Group* (Oct. 10, 1997), 11th Dist. No. 96-L-186, 1997 WL 665980, *2. Thus, any disputes that the parties may have regarding choice of law do not implicate subject-matter jurisdiction.

{¶ 18} With this understanding of subject-matter jurisdiction, we proceed to consider Maple Leaf's specific arguments. First, Maple Leaf contends that the Pennsylvania court lacked subject-matter jurisdiction because exclusive subject-matter jurisdiction lies with Ohio's Trumbull County Court of Common Pleas.

{¶ 19} In support thereof, Maple Leaf points out that the cognovit notes included Ohio choice-of-law provisions. Maple Leaf contends that Ohio statutory law, under R.C. 2323.13(A), dictates that exclusive subject-matter jurisdiction lies only in the Ohio county where the note makers reside or where the warrant of attorney was signed, which in this case was Trumbull County. As held above, choice-of-law contractual provisions never affect the issue of subject-matter jurisdiction. Maple Leaf's argument fails for this reason alone, and also under the more specific merits of its argument:

{¶ 20} The pertinent language of R.C. 2323.13(A) is as follows:

{¶ 21} "Notwithstanding any agreement to the contrary, if the maker * * * resides within the territorial jurisdiction of a municipal court * * *, or signed the warrant of attorney authorizing confession of judgment in such territory, judgment on such warrant of attorney shall be confessed in a municipal court having jurisdiction in such territory,

provided the court has jurisdiction over the subject matter; otherwise, judgment may be confessed in any court in the county where the maker or any of several makers resides or signed the warrant of attorney."

{¶ 22} Maple Leaf cites a number of cases to contend that this statutory language dictates that Trumbull County has exclusive subject-matter jurisdiction over the cognovit notes at issue: *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941; *B. & I. Hotel Mgt., L.L.C. v. Ditchman Holdings, L.L.L.P.*, 8th Dist. No. 84265, 2004-Ohio-6294; *Sunset Land Partnership v. Trowsdell*, 9th Dist. No. 20895, 2002-Ohio-4152; *Buckeye State Networks Ltd. Liab. Co. v. R. W. Hannah Assoc., Inc.* (1999), 135 Ohio App.3d 169, 733 N.E.2d 301.

{¶ 23} There is some debate regarding the extent to which R.C. 2323.13 affects the subject-matter jurisdiction of courts (as opposed to the courts' territorial jurisdiction or jurisdiction over the particular case). See, e.g., *Onda, LaBuhn, Rankin & Boggs Co., L.P.A. v. Johnson*, 184 Ohio App.3d 296, 2009-Ohio-4726, 920 N.E.2d 1000, at ¶13-15. However, this court need not enter the debate with this case. The facts here are distinguishable from *Patton*, *B. & I. Hotel Mgt.*, *Sunset Land Partnership*, and *Buckeye State Networks*, in that those Ohio cases discuss the jurisdictional ramifications of R.C. 2323.13 on Ohio courts, not on foreign judgments. This court has previously pointed out that R.C. 2323.13 only "governs situations in which a party to a cognovit note attempts to have the note adjudicated in the wrong Ohio court." *Dollar Sav. & Trust Co. v. Trocheck* (1999), 132 Ohio App.3d 531, 536, 725 N.E.2d 710.

{¶ 24} Subject-matter jurisdiction is determined by the internal laws of a state and cannot be undermined by the laws of another state. *Litsinger Sign Co. v. Am. Sign*

*Co.* (1967), 11 Ohio St.2d 1, 40 O.O.2d 30, 227 N.E.2d 609, at paragraph one of the syllabus. A determination of the Pennsylvania court's subject-matter jurisdiction would come only from Pennsylvania constitutional and statutory law, and not from the laws of Ohio. R.C. 2323.13 therefore does not affect whether a Pennsylvania court may have subject-matter jurisdiction over the action at issue.

{¶ 25} According to the Pennsylvania Supreme Court, "[t]he test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs." *In re Administrative Order No. 1-MD-2003* (2007), 594 Pa. 346, 354, 936 A.2d 1. Subject-matter jurisdiction of a Pennsylvania court is determined through the constitution and statutes of the commonwealth. Id. at 355. Pennsylvania courts of common pleas are courts of general jurisdiction, and the Prothonotary of a court of common pleas has the authority to enter judgment on a confession of judgment from a cognovit note. Section 5, Article V, Pennsylvania Constitution; Pa.R.C.P. 2951. Thus the laws of Pennsylvania provide for subject-matter jurisdiction over the class of cases applicable to Maple Leaf.

{¶ 26} Because a Pennsylvania Common Pleas Court has subject-matter jurisdiction to enter judgments on cognovit notes, the Pennsylvania court's entry of judgment on the cognovit notes in this case was not void ab initio for lack of subject-matter jurisdiction. Maple Leaf's first argument does not demonstrate that the Pennsylvania court's decision should not be given full faith and credit due to a lack of subject-matter jurisdiction.

{¶ 27} As additional arguments, Maple Leaf asserts that the warrant of attorney, confession of judgment and judgment thereon were facially void under either Pennsylvania or Ohio law, and therefore that the Pennsylvania court lacked subject-matter jurisdiction over the cognovit note. However, if Maple Leaf's logic were to be followed, no court would be competent to consider the merits of this case, either to grant or to deny relief. Moreover, whether the notes are facially invalid and unenforceable is a question of substantive law specific to the facts of the case, not a question of subject-matter jurisdiction. This court could arrive at this issue only after resolving the matters of choice of law or conflicts of law, which would in turn be addressed only after resolving the matter of subject-matter jurisdiction. Maple Leaf does provide compelling arguments as to the invalidity of the warrants of attorney under both Ohio and Pennsylvania cognovit laws. However, considerations regarding the specific merits of the case are not before this court.

{¶ 28} Because the Pennsylvania court had subject-matter jurisdiction, the "judgment cannot be impeached in [this state] even if it went upon a misapprehension of [this state's] law." *Fauntleroy v. Lum* (1908), 210 U.S. 230, 237, 28 S.Ct. 641, L.Ed. 1039. As long as the Pennsylvania court's decision remains unreversed in Pennsylvania, it is conclusive regarding the matter decided. See *Hall v. Tucker*, 161 Ohio App.3d 245, 2005-Ohio-2674, 829 N.E.2d 1259, at ¶42, quoting *State ex rel. Schneider v. Brewer* (1951), 155 Ohio St. 203, 205, 44 O.O. 170, 98 N.E.2d 2. If the decision of the Pennsylvania court was in fact erroneous, Maple Leaf's recourse against the decision lies in an appeal to a superior court within the Commonwealth of Pennsylvania. Given the foregoing, Maple Leaf's sole assignment of error is meritless.

{¶ 29} The Pennsylvania court had subject-matter jurisdiction to enter judgment on warrant of attorney in favor of Fifth Third, and the decision must be given full faith and credit in this state. The trial court therefore did not err by denying Maple Leaf's motion to vacate the foreign judgment, and its decision is affirmed.

Judgment affirmed.

VUKOVICH, P.J., and WAITE, J., concur.