[Cite as *Chase Home Fin., L.L.C. v. Wilkes*, 2016-Ohio-3382.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHASE HOME FINANCE, LLC | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 13 MA 0184 |
| VS. | ) | |
| | ) | OPINION |
| LARRY D. WILKES, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Court of Common
                                   Pleas of Mahoning County, Ohio
                                   Case No. 10 CV 4475

JUDGMENT:

APPEARANCES:
For Plaintiff-Appellee              Attorney Stacy Hart
                                   Lerner, Sampson & Rothfuss
                                   P.O. Box 5480
                                   Cincinnati, Ohio 45201-5480

For Defendant-Appellant            Attorney Larry Wilkes
                                   Friedman & Rummell Co., LPA
                                   3801 Starrs Centre Drive
                                   Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                   Dated: June 9, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Larry D. Wilkes, appeals the November 7, 2013 judgment of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellee, Chase Home Finance LLC, now JP Morgan Chase, in a foreclosure action. On appeal, Wilkes asserts that the trial court erred by failing to correctly compute the time allotted for him to file a response to JP Morgan Chase's motion for summary judgment; that the failure to serve notice of the date of the hearing was in error; and that the trial court lacked jurisdiction over the action when it issued the February 27, 2014 order of sale. These arguments are meritless for the reasoning below and the judgment of the trial court is affirmed.

{¶2} On September 24, 2007, Wilkes signed a promissory note in favor of JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, in the amount of $145,500.00. As security, Wilkes signed a mortgage in favor of Chase securing the note for his residence in Boardman, Ohio. After payment default, Chase instituted foreclosure proceedings in 2010, and Wilkes filed an answer containing a general denial and several affirmative defenses. In 2012, Chase moved for summary judgment and default judgment. Shortly thereafter, Wilkes filed the first of two bankruptcy petitions which resulted in stays during the course of the proceedings in both the trial court and this Court. Ultimately summary judgment was granted in favor of Chase, and the final bankruptcy stay was lifted enabling us to consider the merits of this appeal.

{¶3} The automatic stay associated with the filing of bankruptcy acts as an injunction. *Donovan v. Sunmark Industries, Inc.*, 10 Ohio App.3d 219, 221, 461 N.E.2d 321 (8th Dist.1983). "The purpose of the automatic stay in bankruptcy is to preserve the status quo as of the date of the commencement of bankruptcy proceedings." *Cardinal Fed. Savings & Loan Ass'n v. Flugum*, 10 Ohio App.3d 243, 245, 461 N.E.2d 932 (9th Dist.1983).

{¶4} As both the first and second assignment of error directly correlate to the alleged lack of notice of a filing or hearing date, the two will be analyzed together. Wilkes' first and second of three assignments of error assert:

The Trial Court erred by not computing the correct time for Defendant-Appellant to file a response brief to Plaintiff-Appellee's Motion for Summary Judgment.

The Trial Court erred in granting Plaintiff-Appellee's Motion for Summary Judgment without proper notice to the Defendant-Appellant.

**{¶5}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶6}** At the time Chase filed its motion for summary judgment, the text of Rule 56(C) provided: "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits." *See* Civ. R. 56(C); amended effective July 1, 1999.

**{¶7}** "[A] hearing on a summary judgment motion may not take place until at least 14 days have passed from service of the motion." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 39, citing *State ex rel. The V. Cos.*, 81 Ohio St.3d 467, 470, 1998-Ohio-329, 692 N.E.2d 198. A court's docket may provide notice to parties in compliance with due process requirements. *Ohio Valley*

*Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124, 502 N.E.2d 599 (1986).

**{¶8}** Loc. R. 6(A)(2) of the Court of Common Pleas of Mahoning County provides that all responsive pleadings "shall be filed no later than fourteen (14) days from the date of filing a motion unless, with leave of Court, an extension is granted." The rule further states that the first date upon which such motions may be heard is "the day following the cut-off for filing briefs." Civ. R. 6(A)(2)

**{¶9}** Wilkes claims that he had no notice of the motion hearing date and was prejudiced in that he was unable to file a timely reply. Wilkes misconstrues Chase's October 10, 2013 motion which merely requested the court to schedule the previously filed summary judgment motion for hearing. Chase's summary judgment motion had been filed over a year earlier, on June 20, 2012, and the matter stayed on August 21, 2012, due to Wilkes filing his first bankruptcy petition.

**{¶10}** Any reply to Chase's summary judgment motion would have been required to be filed by Wilkes on July 9, 2012 at the latest pursuant to Civ. R. 56 which is a longer timeframe than that established by the local rules.[1] The record demonstrates that Wilkes failed to file, attempt to file, or moved for leave to file any response or opposing affidavit between June 20, 2012, the date Chase filed for summary judgment, and August 21, 2012, the date the automatic bankruptcy stay went into effect.

**{¶11}** Wilkes has only averred that he did not receive notice for the November 2013 hearing, not that he did not receive service of notice of Chase's motion for summary judgment. Wilkes' assertion that the time to respond commenced on October 23, 2013 is incorrect. The docket indicates a date for a hearing on the summary judgment motion in 2012. The docket and local rules put Wilkes on notice and satisfy the requirements of due process and Civ. R. 56. *See Lane*, *Ohio Valley*

---

[1] Civ. R. 6(A) states that time to file includes the last day of the period unless such day falls on a "Saturday, a Sunday, or legal holiday." This occurrence would then extend the time to file to the end of the next day that is not a "Saturday, a Sunday, or legal holiday." In this case, Monday, July 9, 2012, is the next day that meets these criteria.

*Radiology*, *supra*. Accordingly, this argument is meritless.

**{¶12}** Wilkes relies upon three cases to support his argument: *Gentile v. Youngstown Osteopathic Hosp.*, 7th Dist. No. 04 MA 93, 2005-Ohio-2926; *Ameritech Publishing, Inc. v. Matejkovic*, 12th Dist. No. CA2007-08-183, 2008-Ohio-2112; and *Wells Fargo, N.A. v. Aey*, 7th Dist. No. 12 MA 178, 2013-Ohio-5381. However, these cases are distinguishable from the present matter. Here, Wilkes failed to do *anything* to defend his position between the time of filing the motion for summary judgment before the first bankruptcy stay took effect and the entry of summary judgment after the second bankruptcy stay was lifted. Wilkes had both constructive and actual notice of Chase's summary judgment motion, and yet failed to oppose that motion.

**{¶13}** Failure to respond to a motion for summary judgment will result in a grant of summary judgment to the moving party if it is warranted. Reviewing Chase's motion de novo, there are no genuine issues of material fact. The attached affidavit of Nicole L. Smiley, Vice President of JP Morgan Chase Bank averred that she had access to the business records through her position, including those documents relating to Wilkes' loan and mortgage transactions, and upon review of those documents that Chase was both the holder of the note and the servicer of the loan, and that Wilkes had defaulted under the terms of the Note and Mortgage. Copies of the note and mortgage were attached to the Affidavit, and sworn to by Smiley to be true and exact copies. This complies with the personal knowledge requirement of affidavits of Civ. R. 56. *See Bank of Am. v. Saadey*, 7th Dist. No. 12 MA 196, 2014–Ohio–3569, ¶ 14, 18–19 (finding that personal knowledge for affidavit under Civ. R. 56 summary judgment in foreclosure case requires personal knowledge of the movant being the holder of the note, that mortgagor defaulted, and the amount of both principal and interest due); *see also Beneficial Fin. 1, Inc. v. Edwards*, 7th Dist. No. 13 MA 106, 2014-Ohio-5514, ¶ 10 (citing *Saadey*).

**{¶14}** In *Beneficial Fin. 1*, this court determined that the facts alleged in the affidavit concerning the possession of the note and mortgage and amounts due satisfy the business records hearsay exception, and would thus be admissible under

Civ. R. 56(E). *Id.* at ¶ 12 "To be admissible, the business record must be: 1) transmitted by a person with knowledge, 2) kept in the course of regularly conducted business activity, and 3) made at or near the time of the events recorded, as testified to by a custodian of the business records." *Id.* citing Evid.R. 803(6).

**{¶15}** Chase and Smiley have provided a substantial basis for applying the exception of Evid.R. 803(6). Smiley's affidavit and accompanying records demonstrate that Chase is the holder of the note and mortgage, that Wilkes defaulted and the amounts due in both interest and principal. This evidence satisfies Chase's burden on summary judgment.

**{¶16}** Wilkes' answer to the complaint was a general denial, peppered with an array of affirmative defenses with little support. A party may not "rest on the pleadings" in defense of his claim in opposing a motion for summary judgment. *See Savransky v. City of Cleveland*, 4 Ohio St.3d 118, 447 N.E.2d 98 (1983). Wilkes did not file anything that would raise a genuine issue of material fact. Accordingly, Wilkes' first and second assignments of error are meritless.

**{¶17}** Wilkes asserts in his final assignment of error:

> The Trial Court lacked jurisdiction to issue an order of sale to the Sheriff after Defendant-Appellant filed his Notice of Appeal.

**{¶18}** An assertion that the trial court lacked jurisdiction is a question of law reviewed de novo. *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 31, 2010-Ohio-1537, 934 N.E.2d 366, ¶ 10. A filing of a notice of appeal does not completely remove the action from the trial court's jurisdiction, as the trial court can maintain jurisdiction over that which does not conflict with the appellate court. *Hagood v. Gail*, 105 Ohio App.3d 780, 784, 664 N.E.2d 1373 (1995). A trial court continues to possess jurisdiction over a final judgment and its enforcement unless a stay of execution is granted. *Id.*

**{¶19}** The perfection of an appeal alone is not enough to divest a trial court of its power to enforce execution of a final judgment. Various stays have been granted

and lifted by the trial court and this Court. Currently the house has not been sold and the sale was stayed at the trial court level pending the most recent bankruptcy filing. As such, this assignment of error is moot and without merit.

{¶20} In sum, Wilkes' three assignments of error are meritless and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.